IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

NINA DEL RIO, ET AL

VS.                                        CIVIL ACTION NO. 2:03CV301-KS-JMR

AMERICAN HOME PRODUCTS CORPORATION, ET AL

<u>ORDER</u>

This cause is before the Court on motion for remand filed by plaintiffs and on various motions filed by defendants. During the course of this litigation stays have occurred for determinations by the Fifth Circuit of certain legal issues and the status of the various pending motions has become convoluted.  Therefore, this Court will attempt to state the issues that are before the Court as they relate to the various parties.

There is also pending in this court the companion cases of *Townsend, et al v. American Home Products, et al*, Civil Action No. 2:03cv302-KS-JMR and *Felicia Keys v. American Home Products, et al,* Civil Action No. 2:03cv300-KS-JMR.  A separate ruling will be made in the *Townsend* and *Keys* cases. It should be noted that *Del Rio* and *Townsend* involve the same adult plaintiffs and the same defendants but *Townsend* is an action brought by parents for damages sustained by the parents as a result of their children being injured.  *Del Rio* is for claims brought by the parents on the children's behalf.

The original action was brought in the Circuit Court of Jones County, Mississippi and subsequently removed to this Court.  Plaintiffs are as follows:

Nina Del Rio, as parent and next friend of Rachel Renee Del Rio, a minor; George Gene Carr, as parent and next friend of Walter Jermaine Jones, a minor; Kacey Black Burgess as parent and

next friend of Maxwell Parker Lee Burgess, a minor; Hazel Townsend as parent and next friend

of Shemika Townsend, a minor; Sheila Gowdy Watson as parent and next friend of Sequency

Zachariah Gowdy, a minor; James E. Nicholson as parent and next friend of Jeremy Clydell

Nicholson, a minor; Melanie Yelverton as parent and next friend of Jasmine Hope Abel, a minor;

Billy R. Gresham as parent and next friend of Joshua W. Gresham, a minor; Lisa Crain as parent

and next friend of Leliag Crain, a minor;  Jornella Hattix as parent and next friend of LaDasian

Brown, a minor;  Atoya Moses as parent and next friend of Gadarius Govon Russell, a minor;

Gregory Newman as parent and next friend of Benjamin Lawrence Newman, a minor; and

Kathren Pigg-Kelly as parent and next friend of Jason Mark Kelly, a minor. These will all be

referred to collectively as *"Plaintiffs."*  The Defendants fall into three distinct categories as

follows:

VACCINE DEFENDANTS.

American Home Products Corporation, d/b/a Wyeth Laboratories, Inc.; Wyeth-Ayerst,

Wyeth-Ayerst Laboratories Company, Wyeth Lederle Vaccines, Wyether  Lederle, Wyether

Lederie Vaccines and Lederle Laboratories; Abbott Laboratories, Inc.; American International

Chemical, Inc., Aventis Pasteur, Inc., individually and as successor in interest to Connaught

Laboratori, Inc., Pasteur Merieux and Pasteur Merrieux Conn; Baxter International, Inc.,

individually and as successor interest to North American Vaccine, Inc.;  Evans Medical Limited,

Merck and Company, Inc.; RPK Pharmaceuticals, Inc.; and Dolder who are all collectively

referred to as the "Vaccine Defendants."[1]

---

[1]     Defendants Bioport Corporation, B. F. Asher & Company, Bristol-Myers Squibb
and Company, Inc., Family Health Care Center, Inc., Bayer Corporation, Inc. and the United
States of America, have been dismissed by agreement.

THIMEROSAL DEFENDANT.

Eli Lilly and Company.

HEALTH CARE PROVIDER DEFENDANTS.

Hinds County Health Department; Children's Medical Group, P.A.; Paul B. Welch, M.D.; Sunflower County Health Department; Walter Rose, M.D.; University of Mississippi Medical Center - North Clinic; Sarah Weisenberger, M.D.; Unicare Health Center; Pamela Helms, M.D.; Copiah County Health Department; Copiah Medical Associates, PLLC, d/b/a Crystal Springs Clinic; Tammi Broods, M.D.; Marion County Health Department; The Family Clinic, P.A., d/b/a The Family Practice of Columbia; Children's Clinic, PLLC; Sam J. Denney, Jr., M.D.; Geraldine Chaney, M.D.; Melinda S. Ray, M.D.; The Pediatric Clinic of Hattiesburg; and Scott Burk, M.D.; These Defendants will be collectively referred to as "The Health Care Provider Defendants."

The motions addressed by this order are as follows:

(1)     Motion by Plaintiffs to remand the entire case to the state court from whence it came.

(2)      Motion to Dismiss filed by Health Care Provider Defendants.

(3)     Motion to Dismiss filed by Vaccine Defendants.

(4)     Motion to Dismiss filed by Thimerosal Defendant.

This Court finds for the reasons hereinafter stated that the Motion to Remand should be **denied.**  The Motions to Dismiss filed by the Vaccine Defendants and the Health Care Provider Defendants should be **sustained** and the Motion filed by the Thimerosal Defendant to Dismiss should be **denied.**

---

**FACTUAL BACKGROUND**

Plaintiffs herein, acting on behalf of their minor children, brought suit alleging that the children suffer from profound mental and emotional problems resulting from severe mercury poisoning due to the children being exposed to sizable doses of mercury contained in Thimerosal, a preservative used in childhood vaccines.  Plaintiffs allege that the children, during their normal childhood vaccinations, received an extreme amount of mercury through the Thimerosal containing vaccines causing the problems.

The vaccines were administered by the Health Care Provider Defendants and were manufactured by one or more of the Vaccine Defendants.  Eli Lilly and Company, the Thimerosal Defendant, manufactured the Thimerosal used as the preservative.

The Health Care Provider Defendants are all residents of Mississippi, as are the Plaintiffs. The Thimerosal Defendant and the Vaccine Defendants are all non-residents of the State of Mississippi.

**ANALYSIS**

This Court must consider the Motion to Remand and the Motions to Dismiss in proper sequence.  The first determination that this Court must make is whether or not it has jurisdiction. The allegation in the Notice of Removal is that this Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Diversity of citizenship can only exist if the Health Care Provider Defendants (the only non-diverse defendants) were fraudulently or improperly joined. In the Notice of Removal the Defendants assert that under the terms of the National Childhood Vaccine Injury Act, 42 U.S.C. §§300aa-1(et. seq.) or ("Vaccine Act"), that there is no possibility of a recovery against the Health Care Provider Defendants and that said Health Care Provider Defendants have been

4

fraudulently or improperly joined for the purposes of defeating diversity jurisdiction.

A number of the Defendants raised state and federal Tort Claims Act issues and the Mississippi State Defendants raised Eleventh Amendment issues. These will not be addressed because the motions are disposed of without reaching those issues.

     **1.**     **SHOULD PLAINTIFFS' MOTION FOR REMAND BE GRANTED?**

     **2.**     **SHOULD THE HEALTH CARE PROVIDER DEFENDANTS BE DISMISSED?**

In order for this Court to have jurisdiction under § 1332 (diversity jurisdiction) there must be complete diversity. For this to occur it must be determined that the Plaintiffs have no reasonable possibility of recovery against the non-diverse Health Care Provider Defendants. The party that seeks to establish an improper joinder has a heavy burden. *Griggs v. State Farm Lloyds,* 181 F. 3d 694, 704 (5th Cir. 1999). To establish a claim for improper joinder, the party seeking removal must demonstrate "(1) either actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F. 3d 644, 647 (5th Cir. 2003)(citing *Griggs,* 181 F. 3d at 699). Under the second prong, the Court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F. 3d 568, 575, (5th Cir. 2004)(en banc)(*cert. denied Illinois Cent. R. Co. v. Smallwood*, 125 S.Ct. 1825 , 161 L.Ed.2d 755 , 73 USLW 3372 , 73 USLW 3612, 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). If the Health Care Provider Defendants must be dismissed, then no reasonable basis

for recovery against them exits.  See *McDonal v. Abbott Laboratories,* 408 F. 3d 177, 183 (5th

Cir. 2005).

      The District Court should ordinarily resolve an improper joinder question by conducting a

Rule 12(b)(6) - type analysis. It has certain limited authority to "pierce the pleadings" and make a

limited inquiry into the propriety of the joinder of the non-diverse parties.

      (A)   *Smallwood* Issues.

      During the pendency of this litigation, *Smallwood* was decided by the Fifth Circuit and

during the time that this case has been pending on the docket of the undersigned judge

clarification has been given by the Fifth Circuit which allows the *Smallwood* issues herein to be

summarily dealt with.  The Plaintiffs assert that each of the Defendants raised as a defense the

Vaccine Act and therefore, it constitutes a "common defense."  *Rainwater*[2] clarified *Smallwood*

and unless the defense applies uniformly to all Defendants as to all claims, then *Smallwood* is not

applicable.  The settled law in the Fifth Circuit is that Thimerosal was not a "vaccine" nor

component of a vaccine and is not covered under the Vaccine Act.  *Moss v. Merck & Co.*, 381 F.

3d 501, 503 (5th Cir. 2004). Therefore, the claim against the Thimerosal manufacturer, Eli Lilly

and Company, cannot be concluded under the common defense of the Vaccine Act.  Since there

is no common defense which would conclude the case as to all claims against all Defendants,

*Smallwood* does not apply.

      (B)   Vaccine Act Defenses.

      The Plaintiffs candidly admit that the Vaccine Act would apply to all Defendants other

than the Thimerosal Defendant.  All Health Care Provider Defendants have raised the Vaccine

---

[2]*Rainwater v. Lamar Life Ins. Company*, 391 F. 3d 636 (5th Cir. 2004)

Act defense.  If the Health Care Providers can establish that there is no possibility of recovery against them because they are improper parties under the terms of the Vaccine Act, then the remand issue has been concluded. The Health Care Provider Defendants are defendants as a result of administering Thimerosal containing vaccines.  They are clearly covered by the Vaccine Act and Plaintiffs agree.  In fact, all of the Plaintiffs have brought their action in the Vaccine Court under the Act and said actions have now been concluded.  However, at the time of filing the complaint herein, none of the Vaccine Act claims had been concluded.  Several of the claims (Crain, Gowdy, Jones and Townsend) were not filed in the Vaccine Court prior to the filing of the complaint. The others were filed in the Vaccine Court nineteen days prior.

The statute leaves no discretion to this Court and states as follows:

> ...no person may bring a civil action for damages in an amount greater than $1,000.00 or in an unspecified amount against a vaccine administrator or manufacturer in a state or federal court for damages arising from a vaccine related injury or death associated with the administration of a vaccine after the effective date of this subpart, and no such court may award damages in an amount greater than $1,000.00 in a civil action for damages for such a vaccine related injury or death unless a petition has been filed, in accordance with § 300aa-16 of this title, for compensation under the Program for such injury or death and - (i)(I) United States Claims Court has issued a judgment under § 300aa-12 of this title on such petition...

42 U.S.C. § 300aa-11(2)(A)(i)(I). (Emphasis added).

The case law interpreting this statute holds that the statute will be strictly construed. See *Flowers v. Secretary of Dept, of Health and Human Services*, 49 F. 3d 1558 (Fed. Cir. 1995). "A claimant alleging that more than $1,000.00 in damages resulting from a vaccination after the Act's effective date in 1988 must exhaust the Act's procedures and refuse to accept the resulting

judgment before filing any *de novo* civil action in state or federal court." *Shalala v. Whitecotton*, 514 U.S. 268, 115 S. Ct. 1477, 1478, 131 L.Ed.2d 374 (1995). The result of this is that the claim made in the state court must be dismissed as to the administrators of the vaccine.[3] All of the Health Care Provider Defendants qualify as administrators.  See *Amendola v. Secretary, Dept. of Health and Human Services*, 989 F. 2d 1180, 1186 (Fed.Cir. 1993).  Once the Health Care Provider Defendants are dismissed there are no non-diverse parties, hence no § 1332 jurisdiction. It is apparent to this Court that there can be <u>no successful</u> claim proven against the Health Care Provider Defendants since they must be dismissed.  The claims against them have been prematurely brought.

### 3.   MOTION TO DISMISS BY VACCINE DEFENDANTS [22]

Insofar as the applicability of the Vaccine Act, the Vaccine Defendants are in the same posture as the Health Care Provider Defendants.  Pursuant to 42 U.S.C. §300aa-11 the Plaintiffs cannot bring this action until the United States Claims Court has issued a judgment.  When this complaint was brought said court had not issued its judgment.  The Plaintiffs argue that while it is true that the Claims Court had not issued its judgment at the time the complaint was filed in State Court, that it has now issued its judgment and, therefore, it would be an exercise in futility to require Plaintiffs to refile in either State of Federal Court.  *Flowers* is clear that the statute will be interpreted as written.  The plain language of the statute says that the Vaccine Court action must be completed. This Court finds that it is obligated to **sustain** the Motion to Dismiss[22] made by the Vaccine Defendants.

---

[3]42 U.S.C. § 300aa-11(a)(2)(B).  If a civil action which is barred under subparagraph (A) [300aa-11(2)(A)] is filed in a State or Federal court, the court <u>shall dismiss the action</u>....(Emphasis added)

4.      **THE MOTION TO DISMISS FILED BY ELI LILLY**

Eli Lilly is the manufacturer of Thimerosal.   The Vaccine Act does not exempt the manufacturers of Thimerosal and the Motion to Dismiss by Eli Lilly should be denied. *Moss v. Merck and Company*, 381 F. 3d 501 (5th Cir. 2004).  The Motion to Dismiss by Eli Lilly and Company is **denied.**

**CONCLUSIONS**

The Motion to Remand filed by Plaintiffs [31] be and the same is hereby **denied.** The Motions to Dismiss filed by Health Care Provider Defendants [17][52][116] are sustained, the Motions to Dismiss filed by the Vaccine Defendants [15][22] are **sustained** and the Motion to Dismiss filed by Eli Lilly [20] should be **denied.** The Health Care Provider Defendants and the Vaccine Defendants are **dismissed without prejudice**.

**SO ORDERED AND ADJUDGED** on this, the  24th  day of February, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE

9